### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON T. WIEGAND, | : | CIVIL ACTION NO. 1:23-CV-1653 |
| | : | (Consolidated with 1:17-CV-979) |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF THE ARMY, | : | |
| | : | |
| Defendant | : | |

### <u>MEMORANDUM</u>

This is one of five actions filed by plaintiff Brandon T. Wiegand against defendant Department of the Army ("the Army"). Unlike the other related matters, this case is here upon transfer from the United States Court of Appeals for the Federal Circuit. Wiegand seeks judicial review of a final order from the Merit Systems Protection Board ("MSPB") concerning his alleged improper removal from employment and disability discrimination by the Army. The Army has moved to dismiss this matter, arguing Wiegand was late to court and so his petition is time barred. The court agrees and will dismiss Wiegand's petition with prejudice.

## I. <u>Factual Background & Procedural History</u>

This case is among many related to Wiegand's time as a Museum Curator at the United States Army Heritage and Education Center ("AHEC") in Carlisle, Pennsylvania. Effective October 24, 2014, the Army removed Wiegand from his

curator position at AHEC. (Doc. 10 Appendix ("App.") at 1). [1] In response, Wiegand filed an Equal Employment Opportunity ("EEO") complaint, alleging discrimination played a part in his removal. (Id. at 13, 15-16). Upon completion of the EEO investigation, Wiegand timely requested a hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge to present claims of disability discrimination, failure to accommodate, and reprisal. (Id. at 14-22). The EEOC granted summary judgment for the Army in December 2017, finding Wiegand failed to establish discrimination and retaliation on behalf of the Army by firing him due to his mental disability and prior EEO activity. (See id.).

On December 27, 2017, the Army adopted the EEOC's decision, informing Wiegand he may pursue his discrimination claims only to the EEOC and that, because part of his complaint involved a personnel action, he has a mixed case that the MSPB, not the EEOC, has jurisdiction to review. (Id. at 23-29). He proceeded to file both an appeal with the EEOC and the MSPB of the Army's final decision on the same day. (Id. at 43-59, 61-69). Wiegand attached 15 additional claims to his

---

[1] The instant case and all related actions have consolidated into docket No. 1:17-cv-979. (Doc. 23 at 1-4). All citations to "App." are referring to Wiegand's appendix attached to his response to the Army's motion to dismiss in the Federal Circuit at Doc. 10 on the original docket, No. 1:23-cv-1653. Wiegand's response in the consolidated case includes the exact same table with appendix page references and almost the exact same background facts, but does not have any appendix attached. (See Doc. 18). For simplicity's sake, the court is assuming Wiegand intends the appendix accompanying the Federal Circuit response to accompany the instant response containing the same references and asserting the same facts and is treating the appendix as if it were attached to the instant response. Further, document citations in this Opinion use the document numbers from the original docket.

EEOC appeal that collectively alleged failure to reasonably accommodate, discriminatory termination, violations of the Rehabilitation Act and Americans with Disabilities Act, and retaliation. (Id. at 47-48). Wiegand attached claims one through ten verbatim to his MSPB appeal and clarified that his claims continued but did not fit within the character limit. (Id. at 59).

The MSPB was first to weigh in on March 28, 2018, finding it had jurisdiction and suspending Wiegand's appeal for 30 days. (Id. at 74). The MSPB held the EEOC administrative judge "erroneously adjudicated the appellant's claims pertaining to the removal" and that the EEOC should have remanded the removal claims to the Army's EEO office so it may issue its own agency decision. (See id. at 70-74). Wiegand understands this order to have dealt only with removal, with affirmative defenses of disability and retaliation. (Doc. 18 at 6).

On October 19, 2018, the EEOC affirmed the Army's adoption of the EEOC administrative judge's decision. (App. at 81).[2] Wiegand timely filed a motion for reconsideration with the EEOC requesting it vacate that order. (Id. at 88). He also claimed his subsequent appeal with the MSPB superseded the EEOC's jurisdiction over all claims related to his removal. (Id.). Meanwhile, in January 2019, Wiegand filed a complaint in the Middle District of Pennsylvania against Mark Esper, in his official capacity of Acting Secretary of the Army, alleging discrimination related to the Army's purported failure to accommodate Wiegand's disability and stated it

---

[2] The EEOC initially issued this decision on September 28, 2018, (App. At 83), but re-issued the decision on October 19, 2018, due to a clerical error, (Id. at 77).

3

arose from the Army's adoption of the December 2017 EEOC decision.[3] (See id. at 92-102).

The EEOC denied Wiegand's motion for reconsideration on May 31, 2019, and noted all further appeal rights rest in federal court. (Id. at 111). In August 2019, an MSPB administrative judge, in an initial decision, reversed the Army's removal of Wiegand but found he failed to establish his affirmative defenses of retaliation and disability discrimination. (See App. at 114-51). Wiegand and the Army timely filed a petition and cross petition for review, respectively, with the MSPB. (See generally id. at 163-206).

The MSPB issued its final order on March 6, 2023, denying Wiegand's petition for review, granting the Army's cross petition for review, reversing its initial decision, and sustaining Wiegand's removal. (Id. at 207-08). The order included a detailed notice of appeal rights delineating the difference in time frames and requirements between general judicial review in the Court of Appeals for the Federal Circuit and review of claims based on discrimination exclusively either in district court or with the EEOC. (Id. at 224-28). Wiegand posits the MSPB, and its administrative judge, did not treat his case as a mixed case, only as a removal case with affirmative defenses. (Doc. 18 at 9).

Wiegand filed a petition for review with the Court of Appeals for the Federal Circuit on April 30, 2023, 55 days after receipt of the final order. (App. at 231). The

---

[3] This case was originally docketed at No. 1:19-cv-108 and has since been consolidated to the same docket as the instant matter.

petition includes a discrimination statement and emphasizes his view that the Federal Circuit lacks jurisdiction over claims involving discrimination, and the purpose of the form is to determine the proper forum for review. (Doc. 5 at 1). Wiegand checked a box indicating he attributed his removal to discrimination or retaliation before the MSPB, identified both arguments he raised, and checked another box reaffirming he argued discrimination before the MSPB, and he did not want to abandon those claims. (Id. at 1-3).

The Federal Circuit docketed the appeal in May 2023. The Army moved to dismiss the appeal for lack of jurisdiction, (Doc. 9 at 1-7), and Wiegand responded arguing the Federal Circuit has jurisdiction, thanks to the "unambiguous" statute, and he is "statutorily mandated to [receive] a trial de novo on the issue(s) before [the Federal Circuit]," (Doc. 10 ("Pl.'s Br. in Opp.") at 6-7). Alternatively, Wiegand requested either his appeal transfer to the Middle District of Pennsylvania or waiver of his discrimination claims to retain Federal Circuit jurisdiction. (Id. at 8-9).

On October 4, 2023, the Federal Circuit denied the Army's motion to dismiss and transferred the appeal to this court. (Doc. 12 at 3). That court determined Wiegand indeed presented an appeal involving discrimination, divesting it of jurisdiction and granted his request for transfer so the district court could "address any issues raised by the agency." (Doc. 12 at 1-3). Now here in the Middle District, the Army has moved to dismiss for failure to state a claim, asserting that Wiegand has failed to exhaust his administrative remedies by filing past the deadline for judicial review of MSPB orders. (See Doc. 16 at 1-8).

## II.    <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of pleadings that fail to state a claim upon which relief may be granted. <u>See</u> FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the pleading, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the pleading to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (alteration in original) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the pleading, the court conducts a three-step inquiry. <u>See</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" <u>Id.</u> at 130 (alteration in original) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions

may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

## III.    **Discussion**

The Civil Service Reform Act of 1978 ("CRSA"), 5 U.S.C. § 1101 *et seq.*, establishes procedures for federal employees who experience adverse employment actions to seek review of those actions. Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 422 (2017). An appellant may seek judicial review of a final order or decision of the MSPB concerning a personnel action. 5 U.S.C. § 7703(a)(1). When generally implicating the CRSA, an appellant can obtain judicial review of an MSPB decision by filing a petition for review with the Court of Appeals for the Federal Circuit within 60 days of receipt of the final order or decision. Id. § 7703(b)(1)(A); Perry, 582 U.S. at 422.

However, an appellant alleging the underlying adverse employment action was based on discrimination may pursue judicial review only by filing the case under the applicable enforcement section within 30 days after receipt of the final order or decision from the MSPB. 5 U.S.C. §§ 7702(a)(1), 7703(b)(2). This is known as a "mixed case," as it combines claims of both illegal action of a government personnel decision and a claim of discrimination. Kloeckner v. Solis, 568 U.S. 41, 44 (2012) (citing 29 CFR § 1614.302 (2012)). Because the antidiscrimination

enforcement provisions authorize action in federal court, mixed cases must be filed in the appropriate district court. Id. at 49-50. Accordingly, the time frame for an appeal—as well as where that appeal must be filed—turns on whether the appellant presents a mixed case. Id. at 45.

The Federal Circuit has already made a ruling in this case: it found Wiegand's case to be a mixed case. Wiegand v. Dep't of the Army, No. 2023-1853, 2023 WL 6457811 *1 (Fed. Cir. Oct. 4, 2023). And this court agrees.[4] A mixed case is one comprising of "a specific type of action against an employee which may be appealed to the MSPB and an allegation in the nature of affirmative defense that *a basis for the action* was discrimination within one of the categories above listed [in 5 U.S.C. § 7702(a)(1)(B)(i)-(v)]." Williams v. Dep't of Army, 715 F.2d 1485, 1487 (Fed. Cir. 1983) (emphasis in original). Thus, Wiegand's affirmative defense of reprisal for engaging in EEO activity constitutes an assertion of discrimination prohibited by

---

[4] Additionally, while not raised by the Army, because there was already a prior ruling from a different court in this matter, this law-of-the-case doctrine is implicated. This doctrine instructs "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).

Federal courts commonly apply law-of-the-case deference to decisions of coordinate courts, and "the law of the case turns on whether a court previously 'decide[d] upon a rule of law' . . . not on whether, or how well, [the coordinate court] explained the decision." Id. at 816-817 (quoting Arizona, 450 U.S. at 618).

It is true the law-of-the-case doctrine is more a guideline than a hard rule; it does not preclude a court from revisiting decisions of coordinate courts whatsoever, but a court should only do so in "extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Id. at 817 (quoting Arizona, 460 U.S. at 618, n.8); see also Pub. Int. Rsch. Grp. v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997) (providing examples of "extraordinary circumstances" the Third Circuit recognizes). Wiegand has not demonstrated an "extraordinary circumstance" is present in this matter.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, triggering Section 7702 and creating a mixed case subject to the 30-day time frame and district court review provided by 5 U.S.C. § 7703(b)(2). <u>Diggs v. Dep't of Hous. And Urb. Dev.</u>, 670 F.3d 1353, 1358 (Fed. Cir. 2011).

Wiegand's attempted waiver of his discrimination claims is unavailing. After all, he specifically elected to identify the discrimination claims he raised before the MSPB and that "[he did] not wish to abandon [his] discrimination claims" on his Fed. Cir. 15(c) statement accompanying his petition to the Federal Circuit. (<u>See</u> Doc. 5 at 1-3). Abandoning discrimination claims in appealing to the Federal Circuit would "effectively waive[] [his] discrimination claims forever," which Wiegand already undermined by contemporaneously maintaining a discrimination complaint in this court. <u>Parker v. Dep't of Def.</u>, No. CIV.A. 03-431-A, 2003 WL 23641757 *4 (E.D. Va. Oct. 27, 2003), <u>aff'd</u>, 96 F. App'x 892 (4th Cir. 2004). An appellant may not pursue discrimination claims in district court if he waived those claims before a different federal court. <u>Id.</u> at *8. This case is undisputedly a mixed case.

There is also no dispute Wiegand filed his appeal 55 days after he received the MSPB's final decision on the case in question. (<u>See</u> Doc. 18 at 6). Actions transferred from the one court are considered to have been filed in the transferee court on the date which it was filed in the original, 28 U.S.C. § 1631, rendering Wiegand's petition 25 days too late. His claim must be dismissed with prejudice. <u>See Kennedy v. Runyon</u>, 933 F. Supp. 480, 484 (W.D. Pa. 1996).

IV.     **Conclusion**

    The court will grant the Army's motion (Doc. 15) for dismissal for failure to state a claim as Wiegand's petition for review is untimely. An appropriate order shall issue.

                       /S/ KELI M. NEARY
                       Keli M. Neary
                       United States District Judge
                       Middle District of Pennsylvania

Dated:    August 13th, 2025