IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON T. WIEGAND, | : | CIVIL ACTION NO. 1:23-CV-897 |
| | : | (Consolidated with 1:17-CV-979) |
| Plaintiff | : | |
| | : | (Judge Neary) |
| v. | : | |
| | : | |
| DANIEL DRISCOLL, Secretary, | : | |
| Department Of the Army, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

In this action, plaintiff Brandon T. Wiegand challenges defendant Secretary of the Army's ("the Army") decision, made in his official capacity, declining to hire him for a Museum Curator position in Fort Belvoir, Virginia, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*, and various federal regulations. The Army asserts the Middle District of Pennsylvania is an improper venue to adjudicate Wiegand's claims. Because the Army is correct, this matter will be transferred to the Eastern District of Virginia for further adjudication.

## I. Factual Background & Procedural History

This is one of many suits filed by Wiegand relating to the end of his tenure with the Army Heritage and Education Center ("AHEC") and his failure to find new employment with the Army. Wiegand alleges he was discriminated against for his

disability, Asperger's, at AHEC. (Doc. 1 ¶¶ 5, 27 n.3, 37-39).[1] After his employment with AHEC ended, Wiegand applied for various other positions with the Army, but none of his applications were successful. (Id. ¶¶ 41-42). Many of these non-selections are the subject of what was originally a separately filed lawsuit, (id. ¶ 43), though now that case has been consolidated with this one.

This current matter only deals with a single non-selection: a Museum Curator position at Fort Belvoir, Virginia. (Id. ¶ 45; Doc. 1-5 at ECF 18). After learning about his non-selection, Wiegand filed an official equal opportunity complaint with the Army. (Id. ¶ 121). Wiegand asserts the Army did not hire him because of his Asperger's and because it was retaliating against him for other equal opportunity complaints he had made. (Id. ¶¶ 208-210).[2] In a final agency action, an administrative law judge granted summary judgment in favor of the Army regarding Wiegand's claim. (Id. ¶¶ 122-23). Wiegand then appealed to the Merit Systems Protection Board ("MSPB") which ultimately dismissed his claim for lack of jurisdiction. (Id. ¶¶ 124-28). This case serves as an appeal from that final decision of the MSPB. (Id. ¶ 129).

## II.    **Legal Standard**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for improper venue. FED. R. CIV. P. 12(b)(3). In

---

[1] For convenience, the court uses the document numbers from original docket 1:23-CV-897 when citing to the record in this case.

[2] Wiegand also argues the Army violated numerous Code of Federal Regulations provisions relating to how the position was advertised and how candidates were evaluated. (Doc. 1 ¶¶ 130-205).

addition to the complaint, parties may rely on affidavits to support their position on venue. See Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (non-precedential); Kimmel v. Phelan Hallinan & Schmieg, PC, 847 F. Supp. 2d 753, 759 (E.D. Pa. 2012). When ruling on a motion to dismiss under Rule 12(b)(3), a court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bockman, 459 F. App'x at 158 n.1. It is the moving party that bears the burden of proving venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

**III.**    **Discussion**

District courts, as opposed to the Court of Appeals for the Federal Circuit, only have jurisdiction over appeals from MSPB decisions when the appeal is a "mixed case." Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 423 (2017). A mixed case is one where "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination." Kloeckner v. Solis, 568 U.S. 41, 44 (2012) (citing 29 C.F.R. § 1614.302 (2012)). There is no dispute among the parties this is mixed case appeal involving discrimination claims under Title VII of the Civil Rights Act. (See Doc. 13 at 5 n.8 (Army noting—but not challenging—Wiegand considers this to be a mixed case); Doc. 12 at 6).

What is disputed, however, is whether this court is the proper venue for this appeal. An appeal of an MSPB decision in a mixed case shall be filed in accordance with the relevant anti-discrimination statute. See Kloeckner, 568 U.S. at 45-46 (quoting 5 U.S.C. § 7703(b)(2)). In this case, the relevant statute is

Title VII of the Civil Rights Act of 1964. The Army notes Title VII has a distinct venue provision, separate from the more general venue statue for other federal cases. (Doc. 11 at 4 (citing 42 U.S.C. § 2000e-5(f)(3)). It argues Wiegand's complaint fails to establish the Middle District of Pennsylvania as an appropriate venue under that statue and move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 10).

In response to the Army's challenge, Wiegand offers three responses: (1) the doctrine of "pendent venue" provides support to keep this case in this district; (2) provisions from the Federal Tort Claims Act ("FTCA") establish venue; and (3) venue is proper under Title VII's specific provisions. (Doc. 12 at 5-7). None of these arguments is persuasive.

First, as to pendent venue, it is true that the court invoked that doctrine to claim venue over certain claims in another lawsuit (the "non-selection action") filed by Wiegand. See Wiegand v. Esper, No. 1:17-CV-979, 2018 WL 11381484, *6 (M.D. Pa. Sept. 13, 2018). It is further true that this case and the non-selection have been administratively consolidated into one docket. But these cases do not share "a common nucleus of operative fact" necessary to invoke pendent venue. See id. Most distinctively, the non-selection action involved claims that were unresolved by the relevant Equal Employment Opportunity office. Id. at *1. Conversely, this current matter stems from an appeal of a decision by the MSPB. (Doc. 1 ¶ 129).

Moreover, in the non-selection action, the court exercised pendent venue over a single non-selection claim out of twenty-two originally plead (and

eleven surviving a motion to dismiss). <u>Wiegand</u>, 2018 WL 11381484, *6-7.

Conversely, this current action only involves a single event: the failure to hire

Wiegand for the Curator Museum position at Fort Belvoir, Virginia. (<u>See</u>

<u>generally</u> Doc. 1). Regardless, the decision to hear a claim through the doctrine

of pendent venue is one committed to a district court's discretion. <u>See</u> <u>Martin</u>

<u>v. U.S. Equal Emp. Opportunity Comm'n</u>, 19 F. Supp. 3d 291, 309 (D.D.C. 2014)

(quoting <u>Sierra Club v. Johnson</u>, 623 F. Supp. 2d 31, 37 (D.D.C. 2009)). Because

this current action has a distinctive procedural history and because it contains

a sole claim relating to an employment position located out-of-district, the

court declines to apply the doctrine of pendent venue in this instance.

 As to Wiegand's invocation of the FTCA, 28 U.S.C. §§ 1346, 1402, it can

be quickly set aside. His complaint did not plead an action under the FTCA,

(<u>see</u> <u>generally</u> Doc. 1), and so its provisions are inapplicable to this case.

 That leaves the question of whether Wiegand can establish venue under

Title VII. A plaintiff may only bring file a federal lawsuit involving on the basis

of Title VII "[1] in any judicial district in which the unlawful employment

practice is alleged to have been committed, [2] in the judicial district in which

the employment records relevant to such practice are maintained and

administered, or [3] in the judicial district in which the aggrieved person would

have worked but for the alleged unlawful employment practice." 42 U.S.C. §

2000e-5(f)(3). If none of those provisions apply, then the suit must be filed

"within the judicial district in which the respondent has his principal office."

<u>Id.</u>

Wiegand argues because he applied to the position from his home in central Pennsylvania and found out he was not hired from there, the unlawful employment practice took place in central Pennsylvania. (Doc. 12 at 7-8). He further asserts, without any citation, that since employment records are "maintained and administered electronically," they are "available literally everywhere." (Id.). Finally, he highlights the fact that USAJobs can be reached anywhere in the United States. (Id. at 8).

Applying online and receiving a decision notification online is insufficient to establish venue here. Other district courts have found that merely using an online portal for job applications is insufficient to prove venue is proper. See Blue v. BNSF Ry. Co., No. 1:22-CV-45, 2024 WL 4277812, *4 (S.D. Ohio Sept. 24, 2024); Shahin v. Geithner, No. CIV. 10-955-LPS, 2012 WL 2126906, *4 (D. Del. June 8, 2012). These cases are persuasive. The purpose of Section 2000e-5(f)(3)'s provisions was "to limit venue to the judicial districts concerned with the alleged discrimination." Thurmon v. Martin Marietta Data Sys., 596 F. Supp. 367, 368 (M.D. Pa. 1984) (quoting Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969)). Were courts to adopt Wiegand's view, venue would be proper "literally everywhere" rendering the tight limitations imposed by Congress meaningless. Therefore, the mere act of applying online and receiving a notification must be insufficient to establish venue under Section 2000e-5(f)(3).

The last piece of the venue puzzle is crafting a remedy. The Army seeks to have the entire action dismissed, (Doc. 10), but acknowledges the defect

could be cured by transferring the case to a district court of proper jurisdiction. (Doc. 4-5). Dismissing the action outright would be far too punitive a remedy to the malady at issue. Rather, the interests of justice warrant transferring this case per 28 U.S.C. § 1406(a). Virginia is both where the position for which Wiegand applied is located and the principal place of business for the Army,[3] and so this action shall be transferred to the Eastern District of Virginia. See id.; 42 U.S.C. § 2000e-5(f)(3).

　　As a coda, the Army also moved to dismiss Wiegand's claims under certain federal regulations for lack of subject matter jurisdiction. (Doc. 10 at 6-8). While challenges to subject matter jurisdiction go to the heart of whether a court has the power to adjudicate a claim, in contrast to venue challenges which only deal with finding the right place to bring a lawsuit, Myers, 695 F.2d at 727 & 727 n.7, this would only be a partial motion to dismiss. The Army has not moved to dismiss Wiegand's Title VII claims. (See Doc. 10 at 6-8). Given that resolution of that motion would still keep the underlying action alive, it would be more appropriate for the District Court for the Eastern District of Virginia, as the proper venue, to address that argument. See Trawick v. Harvey, No. CIV.A. 06-01937, 2006 WL 2372241 at *3 n.3 (E.D. Pa. Aug. 15, 2006) (similarly declining to address a partial motion to dismiss when the action is to be transferred to a proper venue). Therefore, this court declines to rule on the Army's 12(b)(1) motion to dismiss.

---

[3] The Army notes it is headquartered in Arlington, Virginia. (Doc. 13 at 3).

IV.    **<u>Conclusion</u>**

The Army has met its burden showing the Middle District of Pennsylvania is the improper venue for this action. Accordingly, in the interest of justice, this matter shall be transferred to the Eastern District of Virginia.

<u>/S/ KELI M. NEARY</u>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    August 19th, 2025