**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON T. WIEGAND,** | : | **CIVIL ACTION NO. 1:23-CV-909** |
| | : | **(Consolidated with 1:17-CV-979)** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL DRISCOLL, Secretary,** | : | |
| **Department Of the Army,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

In this action, plaintiff Brandon T. Wiegand challenges defendant Secretary of the Army's ("the Army") decision, made in his official capacity, declining to hire him for two Museum Curator positions in Fort Benning, Georgia, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*, and various federal regulations. The Army asserts the Middle District of Pennsylvania lacks jurisdiction over the appeal of a dismissal by the Merit Systems Protection Board ("MSPB") and, in any event, is the improper venue to adjudicate Wiegand's claims. Because the Army is correct as to venue, this matter will be transferred to the Eastern District of Virginia for further adjudication.

## I.   <u>Factual Background & Procedural History</u>

This is one of many suits filed by Wiegand relating to the end of his tenure with the Army Heritage and Education Center ("AHEC") and his failure to find new employment with the Army. Wiegand alleges he was discriminated against for his

disability, Asperger's, at AHEC. (Doc. 1 ¶¶ 5, 27 n.3, 37-39). [1] After his employment with AHEC ended, Wiegand applied for various other positions with the Army, but none of his applications were successful. (Id. ¶¶ 41-42). Many of these non-selections are the subject of what was originally a separately filed lawsuit, (id. ¶ 43), though now that case has been consolidated with this one.

This current matter deals with two non-selections: a Museum Curator and a Supervisory Museum Curator position at Fort Benning, Georgia. (Id. ¶ 44; Doc. 1-6 at ECF 9-13, 63-65). After learning about his non-selections, Wiegand filed official equal opportunity complaints with the Army. (Doc. 1 ¶¶ 136-37). Wiegand asserts the Army did not hire him because of his Asperger's and because it was retaliating against him for other equal opportunity complaints he had made. (Id. ¶¶ 44-45). [2] In a final agency action, an administrative law judge combined the claims and granted summary judgment in favor of the Army. (Id. ¶¶ 138-40). Wiegand then appealed to the MSPB which ultimately dismissed his claim for lack of jurisdiction. (Id. ¶¶ 142-45). This case serves as an appeal from that final decision of the MSPB. (Id. ¶ 146).

## II.    <u>Legal Standards</u>

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). It is the

---

[1] For convenience, unless otherwise noted, the court uses the document numbers from original docket 1:23-CV-909 when citing to the record in this case.

[2] Wiegand also argues the Army violated numerous Code of Federal Regulations provisions relating to how the position was advertised and how candidates were evaluated. (See generally Doc. 1 ¶¶ 147-87).

plaintiff's burden to establish jurisdiction. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Additionally, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for improper venue. FED. R. CIV. P. 12(b)(3). In addition to the complaint, parties may rely on affidavits to support their position on venue. See Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (non-precedential); Kimmel v. Phelan Hallinan & Schmieg, PC, 847 F. Supp. 2d 753, 759 (E.D. Pa. 2012). When ruling on a motion to dismiss under Rule 12(b)(3), a court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bockman, 459 F. App'x at 158 n.1. It is the moving party that bears the burden of proving venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

**III.    Discussion**

District courts, as opposed to the Court of Appeals for the Federal Circuit, only have jurisdiction over appeals from MSPB decisions in mixed cases. Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 423 (2017). A mixed case is one where "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination." Kloeckner v. Solis, 568 U.S. 41, 44 (2012) (citing 29 C.F.R. § 1614.302 (2012)).

The Army, relying on Rivera v. Mabus, 476 F. App'x 960, 962 (3d Cir. 2012) (non-precedential), argues the Court of Appeals for the Federal Circuit had exclusive jurisdiction over the MSPB appeal since the MSPB did not

3

reach the merits of the appeal. (See Doc. 10 at 7). Under Rivera, "an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit." 476 F. App'x at 961-962. (citation omitted) (internal quotation marks omitted). Accordingly, the Army avers, this court does not have jurisdiction over Wiegand's appeal and dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 10 at 7).

The Army's reasoning would be correct if Rivera controlled, but Rivera has been overruled by a pair of Supreme Court decisions. In Kloeckner v. Solis, the Court held that review of a mixed case belongs in a federal district court, not Federal Circuit, regardless of whether the MSPB dismissed the case on the merits or on procedural grounds. 568 U.S. at 56. The Court further clarified in Perry v. Merit Systems Protection Board that review is proper in district court even if the MSPB dismisses a mixed case for jurisdictional reasons. 582 U.S. at 423.

The Army makes the same argument the Court rejected in Perry. It is clear that a mixed cases arises when an employee *claims* that an agency's action, and corresponding discrimination, is appealable to the MSPB. Id. at 431. Because Wiegand *alleged* he was affected by an action appealable to the MSPB that had a basis in discrimination, (Doc. 10 at ECF 59-62), he raised a mixed case and may appeal to the district court, Perry, 582 U.S. at 432; see also id. at 431-32 (highlighting the use of "allege" in Equal Employment Opportunity Commission regulations and Courts of Appeals opinions).

Accordingly, the Army's motion to dismiss for lack of jurisdiction must be denied.

Despite having jurisdiction, there is an additional dispute over whether this court is the proper venue for this appeal. An appeal of an MSPB decision in a mixed case shall be filed in accordance with the relevant anti-discrimination statute. See Kloeckner, 568 U.S. at 45-46 (quoting 5 U.S.C. § 7703(b)(2)). In this case, the relevant statute is Title VII of the Civil Rights Act of 1964. The Army notes Title VII has a distinct venue provision, separate from the more general venue statue for other federal cases. (Doc. 10 at 8 (citing 42 U.S.C. § 2000e-5(f)(3)). It argues Wiegand's complaint fails to establish the Middle District of Pennsylvania as an appropriate venue under that statue and move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 8).

In response to the Army's challenge, Wiegand offers three responses: (1) the doctrine of "pendent venue" provides support to keep this case in this district; (2) provisions from the Federal Tort Claims Act ("FTCA") establish venue; and (3) venue is proper under Title VII's specific provisions. (Doc. 11 at 6-7). None of these arguments are persuasive.

First, as to pendent venue, it is true that the court invoked that doctrine to claim venue over certain claims in another lawsuit (the "non-selection action") filed by Wiegand. See Wiegand v. Esper, No. 1:17-CV-979, 2018 WL 11381484, *6 (M.D. Pa. Sept. 13, 2018). It is further true that this case and the non-selection have been administratively consolidated into one docket. But

these cases do not share "a common nucleus of operative fact" necessary to invoke pendent venue. See id. Most distinctively, the non-selection action involved claims that were unresolved by the relevant Equal Employment Opportunity office. Id. at *1. Conversely, this current matter stems from an appeal of a decision by the MSPB. (Doc. 1 ¶ 146).

Moreover, in the non-selection action, this court exercised pendent venue over a single non-selection claim out of twenty-two originally plead (and eleven surviving a motion to dismiss). Wiegand, 2018 WL 11381484, *6-7. Conversely, this current action only involves two events: the failure to hire Wiegand for the Curator Museum and Supervisory Curator Museum positions at Fort Benning, Georgia. (See generally Doc. 1). Regardless, the decision to hear a claim through the doctrine of pendent venue is one committed to a district court's discretion. See Martin v. U.S. Equal Emp. Opportunity Comm'n, 19 F. Supp. 3d 291, 309 (D.D.C. 2014) (quoting Sierra Club v. Johnson, 623 F. Supp. 2d 31, 37 (D.D.C. 2009)). Because this current action has a distinctive procedural history and because it contains just two claims relating to almost identical employment positions located out-of-district, the court declines to apply the doctrine of pendent venue in this instance.

As to Wiegand's invocation of the FTCA (28 U.S.C. §§ 1346, 1402), it can be quickly set aside. His complaint did not plead an action under the FTCA, (see generally Doc. 1), and so its provisions are inapplicable to this case.

That leaves the question of whether Wiegand can establish venue under Title VII. A plaintiff may only bring file a federal lawsuit involving on the basis

of Title VII "[1] in any judicial district in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If none of those provisions apply, then the suit must be filed "within the judicial district in which the respondent has his principal office." Id.

Wiegand argues because he applied to the positions from his home in central Pennsylvania and found out he was not hired from there, the unlawful employment practice took place in central Pennsylvania. (Doc. 11 at 8). He further asserts, without any citation, that since employment records are "maintained and administered electronically," they are "available literally everywhere." (Id. at 8-9). Finally, he highlights the fact that USAJobs can be reached anywhere in the United States. (Id. at 9).

Applying online and receiving a decision notification online is insufficient to establish venue here. Other district courts have found that merely using an online portal for job applications is insufficient to prove venue is proper. See Blue v. BNSF Ry. Co., No. 1:22-CV-45, 2024 WL 4277812, *4 (S.D. Ohio Sept. 24, 2024); Shahin v. Geithner, No. CIV. 10-955-LPS, 2012 WL 2126906, *4 (D. Del. June 8, 2012). These cases are persuasive. The whole point of Section 2000e-5(f)(3)'s provisions was "to limit venue to the judicial districts concerned with the alleged discrimination." Thurmon v. Martin Marietta Data

Sys., 596 F. Supp. 367, 368 (M.D. Pa. 1984) (quoting Stebbins v. State Farm

Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969)). Were courts to adopt

Wiegand's view, venue would be proper "literally everywhere" rendering the

tight limitations imposed by Congress meaningless. Therefore, the mere act of

applying online and receiving a notification must be insufficient to establish

venue under Section 2000e-5(f)(3).

The last piece of the venue puzzle is for this court to craft a remedy. The

Army seeks to have the entire action dismissed. (Doc. 8). Though, even it

acknowledges another option would be to cure the defect by transferring the

case to a district court of proper jurisdiction. (Doc. 12 at 6). The Army's chosen

venue would be the Middle District of Georgia, where the records are located

and where Wiegand would have worked. (Id.). Dismissing the action outright

would be far too punitive a remedy to the malady at issue. Rather, the interests

of justice warrant transferring this case per 28 U.S.C. § 1406(a).

Wiegand has not identified a viable district court where this action could

be transferred. While cognizant of the Army's request, this court is transferring

another claim of Wiegand's to the Eastern District of Virginia. (Consolidated

Docs. 185, 186). Given that Virginia is the principal place of business for the

Army,[3] this matter could also be transferred to the Eastern District of Virginia.

See 42 U.S.C. § 2000e-5(f)(3). In the interests of judicial economy and

---

[3] The Army notes it is headquartered in Arlington, Virginia. (Doc. 12 at 5).

convenience, the court shall order the clerk of court to transfer this action to Eastern District of Virginia.

As a coda, the Army also moved to dismiss Wiegand's claims under certain federal regulations for lack of subject matter jurisdiction. (Doc. 10 at 2). While challenges to subject matter jurisdiction go to the heart of whether a court has the power to adjudicate a claim, in contrast to venue challenges which only deal with finding the right place to bring a lawsuit, Myers, 695 F.2d at 727 & 727 n.7, this would only be a partial motion to dismiss. The Army has not moved to dismiss Wiegand's Title VII claims. Given that resolution of that motion would still keep the underlying actions alive, it would be more appropriate for the District Court for the Eastern District of Virginia, as the proper venue, to address that argument. See Trawick v. Harvey, No. CIV.A. 06-01937, 2006 WL 2372241 at *3 n.3 (E.D. Pa. Aug. 15, 2006) (similarly declining to address a partial motion to dismiss when the action is to be transferred to a proper venue). Therefore, this court declines to rule on the Army's 12(b)(1) motion to dismiss as to the CFR claims.

**IV.** <u>**Conclusion**</u>

The U.S. Supreme Court's decisions in <u>Kloeckner v. Solis</u>, 568 U.S. 41 (2012) and <u>Perry v. Merit System Protection Board</u>, 582 U.S. 420 (2017) have overruled the Third Circuit's decision in <u>Rivera v. Mabus</u>, 476 Fed. App'x 960 (3d Cir. 2012), which was not precedential in any event. Therefore, the motion to dismiss must be denied. The Army has met its burden showing the Middle District of Pennsylvania is the improper venue for this action. Accordingly, in the interest of justice, this matter shall be transferred to the Eastern District of Virginia.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     August 19th, 2025